UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| SERVANDO CALLEJA-SABINO, | § |
| | § |
| Petitioner, | § |
| VS. | § CIVIL ACTION NO. 5:18-CV-115 |
| | § CRIMINAL ACTION NO. 5:17-CR-514-1 |
| UNITED STATES OF AMERICA, | § CRIMINAL ACTION NO. 5:17-CR-797-1 |
| | § |
| Respondent. | § |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Servando Calleja-Sabino, *pro se*, filed a 28 U.S.C. § 2255 Motion challenging his 44-month sentence for violating 8 U.S.C. § 1326. (Dkt. No. 1, Cr. Dkt. 1 No. 49, Cr. Dkt. 2 No. 18.)[1] The District Court has referred this case to the undersigned United States Magistrate Judge. (Dkt. No. 4.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge respectfully submits this Report and Recommendation recommending that Petitioner's Motion be **DENIED**, and this civil action be **DISMISSED WITH PREJUDICE.**

Petitioner is currently serving a 56-month sentence: consecutive sentences of 44 months for illegally re-entering the United States (Cr. Dkt. 1 No. 44 at 2) and 12 months for violating his supervised release term related to a prior conviction for illegally possessing a firearm. (Cr. Dkt. 2 Minute Entry dated January 30, 2018.) At his sentencing for illegally re-entering the United States, Petitioner received an eight-level enhancement for "engag[ing] in criminal conduct resulting in a conviction for a felony offense (other than an illegal reentry offense) for which the

---

[1] This civil matter is related to two criminal matters. "Dkt. No." refers to the civil case. "Cr. Dkt. No. 1" refers to Case No. 5:17-CR-514-1, Petitioner's conviction under 8 U.S.C. §§ 1326(a) and 1326(b)(2). "Cr. Dkt. No. 2" refers to Case No. 5:17-CR-797, Petitioner's violation of his supervised release related to convictions under 18 U.S.C. §§ 922(g)(5) & 924(a)(2). The instant Motion does not challenge his sentence for violating his supervised release term.

sentence imposed was two years or more" (U.S.S.G. § 2L1.2(b)(3)(B) (2016)). (Cr. Dkt. 1 No. 27 at 4–5.) The prior conviction at issue was for violating 18 U.S.C. §§ 922(g)(5) & 924(a)(2), possession of a firearm by an illegal alien. (*Id.* at 5.)

In his Motion, Petitioner contends that a new constitutional rule set forth by the Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018), requires that his sentence be vacated because the imposed eight-level enhancement is unconstitutional. (Dkt. No. 1 at 5.) "In *Dimaya*, the Supreme Court held that the definition of a 'crime of violence,' found at [18] U.S.C. § 16(b), was unconstitutionally vague as applied and incorporated into the immigration law." *Melendez-Jimenez v. U.S.*, No. CR B:15-168-1, 2018 WL 3720064, at *5 (S.D. Tex. July 11, 2018), *report and recommendation adopted*, No. 1:15-CR-168-1, 2018 WL 3708503 (S.D. Tex. Aug. 3, 2018) (citing *Dimaya*, 138 S. Ct. at 1223). The Sentencing Guidelines, however, are not subject to vagueness challenges. *Beckles v. United States*, 137 S. Ct. 886, 892, 197 L. Ed. 2d 145 (2017). Simply stated, even if Petitioner's enhancement relied on the exact language that *Dimaya* found to be unconstitutionally vague in a statutory context, the enhancement would still be constitutional under the Guidelines. *See United States v. Godoy*, 890 F.3d 531, 538 (5th Cir. 2018) ("[I]f the language of § 16(b) were cut-and-pasted directly into the Guidelines themselves, [defendant] could not bring a void-for-vagueness challenge."). Therefore, it plainly appears from Petitioner's Motion that he is not entitled to any relief because his challenge to the eight-level sentencing enhancement is not permissible as a matter of law.

Accordingly, the Magistrate Judge respectfully **RECOMMENDS** that Petitioner's 28 U.S.C. § 2255 Motion (Dkt. No. 1; Cr. Dkt. 1 No. 49; Cr. Dkt. 2 No. 18) be **DENIED**, and this civil action be **DISMISSED WITH PREJUDICE.**

## Warnings

The Parties may file objections to this Report and Recommendation, unless they waive the right to do so. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report—or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150–53 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to all Parties.

**SIGNED** this 18th day of April, 2019.

Sam S. Sheldon
United States Magistrate Judge